MICHAEL T. McCALL, State Bar No. 109580
mmccall@wfbm.com
WFBM, LLP
Attorneys at Law
19900 MacArthur Blvd., Suite 1150
Irvine, California 92612-2445
Telephone: (714) 634-2522
Facsimile: (714) 634-0686

Attorneys for RODNEY WAYNE KING and RW KING CO., INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| LAMBERTO INFANTE AY-AD, JR.; and STEPHANIE KEMPINSKI FENWICK,<br><br>Plaintiff,<br><br>v.<br><br>RODNEY WAYNE KING, an individual; RW KING CO., INC.; and DOES 1 to 50, inclusive,<br><br>Defendant. | Case No.<br><br>[Los Angeles Superior Court Case No. 21STCV46635]<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT UNDER 28 U.S.C. SECTIONS 1332 AND 1442 (DIVERSITY); AND DECLARATION OF MICHAEL MCCALL** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. section 1441, Defendants RODNEY WAYNE KING and RW KING CO., INC. (collectively "Defendants") remove the state court action described below to this Court. The grounds for removal are as follows:

1. On December 22, 2021, Plaintiffs Lamberto Infante Ay-Ad, Jr. and Stephanie Kempinski Fenwick ("Plaintiffs") commenced an action against Rodney Wayne King ("King") and RW King Co., Inc. ("RW King"), (collectively "Defendants") in the California Superior Court for the County of Los Angeles, entitled

*Lamberto Infante Ay-Ad, Jr. v. Rodney Wayne King, et al.*, Case No. 21STCV46635. A true and correct copy of the Complaint received by Defendants in the state court action is attached as Exhibit A to the Declaration of Michael T. McCall.

2. Plaintiff served Defendants with the Complaint and Summons on January 20, 2022. This Notice of Removal is filed within 30 days from the date upon which Defendants were served, and is within the time for removal provided by law. *See* 28 U.S.C. § 1446(b)(2)(B).

3. This is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1332, and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. Section 1441, in that it is an action in which the amount in controversy exceeds $75,000 and Plaintiffs and Defendants are citizens of different states.

**AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED**

4. This action is one which this Court has original jurisdiction pursuant to 28 U.S.C. section 1332, and the entire action is subject to removal under 28 U.S.C. section 1441(b) on the following grounds: the parties, named and served, are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff's Complaint alleges one cause of action against Defendants, claiming Defendant King negligently operated his vehicle, causing the accident at issue between Plaintiffs and Defendants. As such, Plaintiff seeks general and special damages sustained by Plaintiff, economic damages, and property damages of an unspecified amount.

5. A defendant may remove a case to federal court, if it is "facially apparent" from the allegations of the complaint that the amount in controversy will exceed $75,000.00. 28 U.S.C. 1446(c)(2); *Luckett v. Delta Airlines*, 171 F.3d 295, 298 (5th Cir. 1999); *see also White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (holding that it was "facially apparent" that the amount in controversy requirement was satisfied where the complaint contained wrongful termination allegations

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL (714) 634-2522 • FAX (714) 634-0686

showing a lengthy list of compensatory damages). Plaintiffs plan on filing making a demand for policy limits, which exceeds $75,000. While the exact amount Plaintiffs currently seeks is not presently known, it is believed to be in excess of the minimum jurisdictional. It cannot be said to a legal certainty that Plaintiffs would not be entitled to recover the jurisdictional amount.

**DIVERSITY OF CITIZENSHIP EXISTS**

6. There is complete diversity between Plaintiffs and Defendants.

7. For diversity purposes, "a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.' 28 U.S.C § 1332 (c)(1)." *Davis v. HSBC Bank Nevada*, N.A., 557 F.3d 1026, 1028 (9th Cir. 2009). To determine a corporation's principal place of business, Federal courts must utilize the "nerve center" test, a corporation's principal place of business is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Id*. Per the United States Supreme Court, a corporation's nerve center "should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control and coordination." *Id*.

8. Based on information and belief, Plaintiffs, at the time of filing the state court action, was and still are residing in Los Angeles, California.

9. Defendant Rodney Wayne King, at the time of filing the state court action, was and still is, residing in Ridgefield, Washington and is a citizen of the date of Washington. Declaration of Michael T. McCall, ¶ 5.

10. Defendant RW King Co., Inc. was, at the time of filing of the state court action and still is, a corporation organized under the laws of Washington, with its principal place of business located at 1240 N 1st Ave., Ridgefield, WA 98642-7301. Declaration of Michael T. McCall, ¶ 4.

11. Accordingly, the diversity of citizenship requirement under 28 U.S.C. Section 1332 is satisfied.

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL (714) 634-2522 • FAX (714) 634-0686

## FICTITIOUS DOE DEFENDANTS

12. Defendant Does 1 through 50, Inclusive, are wholly fictitious. The Complaint does not set forth the identity or status of any said fictitious defendants. The naming of said fictitious defendants does not destroy the diversity of citizenship between the parties in this action and is to be disregarded. 28 U.S.C. §1441(b)(1); *Newcombe v. Adolf Coors Co.* (9th Cir. 1998) 157 F.3d 686, 690-91. Further, 28 U.S.C. section 1441(b)(2) permits removal based on diversity only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought. 28 U.S.C. §1441(b)(2). Thus, the citizenship of a defendant who has not been served, such as Does 1 through 50, Inclusive, can be ignored for purposes of determining whether diversity jurisdiction exists. *Republic Western Ins. Co. v. International Ins. Co.* (N.D. Cal. 1991) 765 F.Supp. 628, 629. Here, no defendants other than the named Defendants have been served at the time of the filing of the instant removal. Accordingly, the mere fact the Complaint references fictitious defendants does not destroy diversity jurisdiction and does not preclude this action from being properly removed to this Court.

13. The attached exhibits constitute all processes, pleadings, and orders served upon defendants in this matter.

## OTHER REQUIREMENTS OF REMOVAL ARE MET

14. This Notice of Removal is being filed within 30 days of the service becoming effective on Defendants receiving a copy of a pleading, motion, or order from which it first may be ascertained that the case has become removable. Removal is also timely because this Notice of Removal is filed not more than one year after the action was commenced in the state court. Thus, this Notice of Removal is timely filed under 28 U.S.C. section 1446(b).

15. Because complete diversity exists between Plaintiffs and Defendants, and the amount in controversy allegedly exceeds the jurisdictional amount set by 28 U.S.C. section 1332, this Court is vested with subject matter jurisdiction over this

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL (714) 634-2522 • FAX (714) 634-0686

action.

16. Removal to this Court is also proper under 28 U.S.C. section 1441(a) because the California Superior Court for the County of Los Angeles is geographically located within this Court's district.

17. Counsel for Defendant certifies that it will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Orange, and give notice of the removal to counsel for Plaintiffs.

18. On February 22, 2022, Defendants jointly filed their respective answer in the Los Angeles Superior Court. A true and correct copy of the Answer and confirmation of submission of filing is attached as Exhibit B to the Declaration of Michael T. McCall.

WHEREFORE, Defendants pray this action be removed to the United States District Court for the Central District of California.

Dated: February 22, 2022 WFBM, LLP

By:

MICHAEL T. McCALL
Attorneys for RODNEY WAYNE KING and RW KING CO., INC.

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL (714) 634-2522 • FAX (714) 634-0686

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL (714) 634-2522 • FAX (714) 634-0686

## DECLARATION OF MICHAEL T. MCCALL

I, Michael T. McCall, declare as follows:

1. I am an attorney at law duly licensed to practice before all of the courts in the State of California. I am a partner with the law firm of WFBM, LLP, counsel of record for Defendants Rodney Wayne King ("King") and RW King Co., Inc.("RW King"), (collectively "Defendants"). I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. On December 22, 2021, an action was commenced in the California Superior Court for the County of Los Angeles, entitled Lamberto Infante Ay-Ad, Jr. v. Rodney Wayne King, et al., Case No. 21STCV46635. A true and correct copy of the Complaint received by Defendants in the state court action is attached as Exhibit A.

3. Defendants were served with the Summons and Complaint on January 20, 2022.

4. RW King Co., Inc., was, at the time of filing of the state court action and still is, a corporation organized under the laws of Washington, with its principal place of business located at 1240 N 1st Ave., Ridgefield, WA 98642-7301.

5. Defendant Rodney Wayne King, at the time of filing the state court action, was and still is, residing in Ridgefield, Washington and is a citizen of the State of Washington.

6. On February 22, 2022, Defendants jointly filed their respective answer in the Los Angeles Superior Court. A true and correct copy of the Answer and confirmation of submission of filing is attached as Exhibit B.

/ / /

/ / /

/ / /

/ / /

5926147.1
5733-3.6001

-6-

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT UNDER 28 U.S.C. SECTIONS 1332 AND 1442 (DIVERSITY); AND DECLARATION OF MICHAEL MCCALL

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 22nd day of April 2021, at Orange, California.

Michael T. McCall

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL (714) 634-2522 • FAX (714) 634-0686

5926147.1
5733-3.6001

-7-

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT UNDER 28 U.S.C. SECTIONS 1332 AND 1442 (DIVERSITY); AND DECLARATION OF MICHAEL MCCALL

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 12/22/2021 12:21 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk

21STCV46635

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Jill Feeney

**THE JACOBS LAW FIRM**
**Karen N. Jacobs, Esq. (CSB 238607)**
Robert J. McNamara, Esq. (CSB 118040)
8383 Wilshire Boulevard • Suite 800
Beverly Hills, CA 90211
Telephone: (424) 777-0207
Facsimile: (877) 977-8899
Email: kjacobs@jacobslawfirm.net

Attorney for Plaintiffs, LAMBERTO INFANTE AY-AD, JR. and STEPHANIE KEMPINSKI FENWICK

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

21STCV46635

| | |
|---|---|
| LAMBERTO INFANTE AY-AD, JR.; and STEPHANIE KEMPINSKI FENWICK,<br><br>Plaintiffs,<br><br>vs.<br><br>RODNEY WAYNE KING, an individual; RW KING CO., INC.; and DOES 1 to 50, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES:**<br><br>**MOTOR VEHICLE NEGLIGENCE/NEGLIGENCE PER SE;**<br><br>**DEMAND FOR JURY TRIAL** |

**COME NOW,** LAMBERTO INFANTE AY-AD, JR. and STEPHANIE KEMPINSKI FENWICK, and through their attorney of record, make the following claims for damages and personal injuries against the Defendants as follows:

///

////

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES

1

t times herein, Plaintiffs, LAMBERTO INFANTE AY-AD, JR. and STEPHANIE KEMPINSKI FENWICK [hereinafter "PLAINTIFFS" or "AY-AD" or "FENWICK," respectively] are, and at all times relevant herein were, residents of the County of Los Angeles.

2. The causes of action stated herein were incurred in the County of Los Angeles, State of California and is within the jurisdiction of the Superior Court of California.

3. The true names and/or capacities, whether individual, corporate, associate, or otherwise of Defendant DOES 1 through 50, inclusive, and each of them, are unknown to the PLAINTIFFS, who therefore sue said Defendants by such fictitious names. PLAINTIFFS are informed and believe, and thereupon allege, that each of the Defendants fictitiously named herein as a DOE are legally responsible, negligent, or responsible in some other actionable manner, for the events and happenings hereinafter referred to, and thereby legally caused the fatal injury and damages to PLAINTIFFS as hereinafter alleged. PLAINTIFFS will seek leave of Court to amend this Complaint and state the true names and/or capacities of said fictitiously name Defendants when the same has been ascertained.

4. PLAINTIFFS are informed and believe, and thereupon allege, that at all times mentioned herein, Defendants DOES 1 through 50, inclusive, and each of them, were the agents, servants, employees, and/or joint venturers of their Co-Defendants, and each and every Defendant was, as such, acting within the course, scope, and authority of said agency, employment, and/or venture, and that each and every Defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other Defendant as an agent, employee, and/or joint venturer.

5. Based upon information and belief, and at all times relevant herein, Defendant, RODNEY WAYNE KING (hereinafter referred to as "KING") was/is a resident of the City of Ridgefield, County of Clark, State of Washington and was the owner and operating of a 1999 "PETE" [Peterbilt] Semi-Tractor Truck, Washington License Plate No. 62144RP, and was hauling a 2004 "GRTDN" [Great Dane] Trailer, Washington License Plate No. TL30316 (hereinafter

. At all rel ev an

collectively “TRACTOR TRAILER RIG”) and was operating and doing business in the County of Los Angeles, State of California as more specifically referenced within this complaint.

6. Based upon information and belief, and at all times relevant herein, Defendant, RW KING CO., INC. (hereinafter “KING, INC.”) was a corporation or other business entity of unknown origin, capacity, and scope with its offices located at 1240 N. 1st Avenue, Ridgefield, WA 98642-7301, and was operating and doing business in the County of Los Angeles, State of California as more specifically referenced within this complaint.

7. Based upon information and belief, and at all times relevant herein, Defendants KING and KING, INC., were the owners, lessors, bailers, lessees, or bailees of the TRACTOR TRAILER RIG, and were operating, maintaining, and doing business in the County of Los Angeles, State of California as more specifically referenced within this complaint.

8. Based upon information and belief, and at all times relevant herein, Defendant KING was operating the TRACTOR TRAILER RIG with the consent, knowledge and permission of Defendants, and each of them, including KING, INC., and during the course and scope of his employment with Defendants, and each of them, including KING, INC., on the date of incident. Defendants, and each of them, including KING, INC., their officers, agents, directors, and affiliates ratified and approved the acts and omission of each of these Defendants.

9. Each of the Defendants acted and/or failed to act in a negligent manner at the time and place(s) alleged herein proximately resulting in PLAINTIFFS suffering injuries and damages as alleged herein.

10. Based upon information and belief, and at all times relevant herein, Defendants, and each of them, including KING, INC., were and are now, corporations duly organized and existing under and by virtue of the laws of the United States and authorized to do, and doing business with substantial contacts in the State of California.

11. Based upon information and belief, and at all times relevant herein, Defendants, and each of them, including KING, INC., were/are engaged in the interstate trucking business, subject to the rules, laws, and regulations of, *inter alia*, the National Transportation Safety Board (NTSB), and acting as carriers, brokers, and/or sub-haulers in the trucking, hauling and commercial

transportation of goods, in the County of Los Angeles, State of California.

**<u>OTOR VEHICLE NEGLIGENCE AS TO ALL PLAINTIFFS</u>**

*(Against All Defendants)*

12. PLAINTIFFS incorporate by reference Paragraphs 1 through 11, inclusive as though fully repeated and set forth herein.

13. On or about January 8, 2020, at approximately 2:10 p.m. Plaintiff, AY-AD, was operating his 2017 Toyota Tacoma vehicle in a general northbound on the Interstate I-5, Golden State Freeway at or about 1000 feet north of Van Nuys Boulevard, in the City of Los Angeles, State of California. At said time and place, Plaintiff, FENWICK, was operating her 2019 Acura SUV vehicle in a general northbound on the Interstate I-5 directly in front of AY-AD's Tacoma vehicle. At said time and place, Defendant, KING, Defendant, KING, was also operating the TRACTOR TRAILER RIG in a general northbound direction on the stated I-5 Freeway. At said time and place, Defendant, KING and DOES 1 through 50, and each of them, so negligently, carelessly, and recklessly owned, operated, maintained, inspected, repaired, serviced, managed and drove said TRACTOR TRAILER RIG by among other things, failing to keep a proper lookout and driving said vehicle in violation of, *inter alia*, *<u>Vehicle Code</u>* § 22350 (driving at an unsafe speed for the conditions), by driving the TRACTOR TRAILER RIG at a speed that was greater than was reasonable or prudent and by driving at a speed that endangered the safety of persons and property, which thereby directly and proximately caused said vehicle to violently and forcibly to collide with the general rear area of the AY-AD Tacoma vehicle which, in turn, caused a chain reaction type collision involving the Tacoma when it was jettisoned forwarded and caused to forcibly collide with the rear-end/rear passenger side areas of the FENWICK Acura vehicle. As a result, AY-AD and FENWICK were forcibly and violently thrown about within the interiors of their respective vehicles causing each of them to suffer serious physical injuries, etc., as set forth below, including, but not limited to, AY-AD suffering serious trauma to and resultant serious traumatically induced pathological conditions to the cervical portion of his spine leading to highly invasive surgical intervention, including fusions, to the C4-5 and C5-6 areas of his

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

spi ne , a m on g ot he r inj uri es.

hrough 50, inclusive, and each them, were common carriers and owed PLAINTIFFS the duty of care not to negligently operate, own, entrust, hire, retain, supervise, instruct, and/or maintain their respective vehicles and drivers so as to not cause a collision. Defendants, KING, KING, INC., and DOES 1 through 50, inclusive, and each them, inclusive, breached this duty of care and violated the California ***Vehicle Code*** so as to cause this collision.

15. The Defendants who operated the TRACTOR TRAILER RIG that was involved in the collision are Defendants, KING, and DOES 1 to 50, inclusive.

16. The Defendants who employed the person who operated the TRACTOR TRAILER RIG in the course and scope of their employment are KING, INC., and DOES 1 through 50, inclusive.

17. The Defendants who owned the TRACTOR TRAILER RIG, which was operated with their consent, knowledge and permission are Defendants, KING, INC., and DOES 1 through 50, inclusive.

18. The Defendants who entrusted the TRACTOR TRAILER RIG are Defendants, KING, INC., and DOES 1 through 50, Inclusive.

19. Defendants, KING, KING, INC., and DOES 1 to 50, Inclusive, breached their duties as alleged within Paragraphs 16 – 18 above.

20. As a further, direct and proximate result of the negligence, carelessness, recklessness and unlawfulness of the Defendants, and each of them, PLAINTIFFS' vehicle were damaged and depreciated in value to such an extent that repairs were necessitated. The amount and reasonable value of said repairs and depreciation are yet unknown to PLAINTIFFS, but will be inserted herein when ascertained.

21. As a further direct and proximate result of the negligence, carelessness, recklessness, and unlawfulness of the Defendants and each of them, and the collision thereby caused, PLAINTIFFS sustained damage to their personal property. The exact amount and reasonable value of said damage is yet unknown to PLAINTIFFS, but will be inserted herein when ascertained.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

2. As a direct and proximate result of the negligence of Defendants, and

each of them, PLAINTIFFS suffered serious bodily injuries, which have caused and continue to cause PLAINTIFFS great physical pain and suffering which, in turn, continues to severely effect, inhibit, and compromise their activities of daily living.

23. As a further and proximate result of the negligence of Defendants, and each of them PLAINTIFFS were required to and did employ physicians, surgeons, and other medical care providers for examination, treatment and care, and has incurred and will continue to incur medical and incidental expenses, the exact amount which is unknown to PLAINTIFFS at this time.

24. As a further and proximate result of the negligence of Defendants, and each of them, PLAINTIFFS were prevented from working, and their daily lives were severely affected. PLAINTIFFS are informed, believes and thereon allege that the inability to work will continue in the future, thereby causing a further loss of earnings and/or earnings capacities claims.

25. At all times mentioned herein, PLAINTIFFS, LAMBERTO INFANTE AY-AD, JR. and STEPHANIE KEMPINSKI FENWICK were, and now are, husband and wife.

26. As a direct and proximate result of the conduct of Defendants,, and DOES 1 Through 50, inclusive, and each of them, as described more fully herein, and as a result of the severe and life-altering injuries and damages to Plaintiff, LAMBERTO INFANTE AY-AD, Plaintiff, STEPHANIE KEMPINSKI FENWICK has been deprived of the love, affection, care, service, companionship, comfort, society, solace, moral support, expectations of future support, consortium, counseling, loss of enjoyment of sexual relations, and loss of physical assistance in the operation and maintenance of the home, and has thereby sustained, and will continue to sustain, damages for loss of consortium in an amount to be stated according to proof, pursuant to California *Code of Civil Procedure* §425.10.

27. By reason of the foregoing, Defendants, and each of them, are liable for and Plaintiffs are entitled to recover, general, special, actual and compensatory damages, including, but not limited to necessary medical and related expenses, future medical expenses, as well as for mental,

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21

22
23
24
25
26
27

emotional and physical pain and suffering, in amounts presently unknown but together exceeding the minimum jurisdictional limit of this Court and as proven at time of trial.

**REQUEST FOR JURY TRIAL**

28. **PLAINTIFFS request a trial by jury.**

**PRAYER FOR JUDGMENT**

**WHEREFORE, PLAINTIFFS** pray for judgment against the Defendants, and each of them, as follows:

1. For general and non-economic damages, in a sum according to proof;
2. For special and economic damages, in a sum according to proof;
3. For medical and related expenses, in a sum according to proof;
4. For loss of consortium;
5. For loss of wages, both past and prospective, in a sum according to proof;
6. For loss of earning capacity, in a sum according to proof;
7. For economic damages including but not limited to property damage to and loss of use associated with Plaintiffs' vehicles and damage and/or loss of personal property;
8. For costs of suit herein incurred; and
9. For such other and further relief as the Court may deem just and proper.

DATED: December 20, 2021

**THE JACOBS LAW FIRM**

______________________________

Karen N. Jacobs, Esq.
Attorneys for Plaintiffs, LAMBERTO INFANTE AY-AD, JR. and STEPHANIE KEMPINSKI FENWICK

# EXHIBIT B

MICHAEL T. McCALL, State Bar No. 109580
mmccall@wfbm.com
WFBM, LLP
Attorneys at Law
19900 MacArthur Blvd., Suite 1150
Irvine, California 92612-2445
Telephone: (714) 634-2522
Facsimile: (714) 634-0686

Attorneys for Defendants RODNEY WAYNE KING and RW KING CO., INC.

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL (714) 634-2522 • FAX (714) 634-0686

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

LAMBERTO INFANTE AY-AD, JR.; and STEPHANIE KEMPINSKI FENWICK,

Plaintiffs,

v.

RODNEY WAYNE KING, an individual; RW KING CO., INC.; and DOES 1 to 50, inclusive,

Defendants.

Case No. 21STCV46635

**DEFENDANTS' ANSWER TO COMPLAINT**

Assigned for All Purposes to:
Hon.: Jill Feeney

Action Filed: December 22, 2021

Defendants Rodney Wayne King and RW King Co., Inc. ("Defendants") hereby answer the unverified complaint filed by Plaintiffs Lamberto Infante Ay-Ad, Jr. and Stephanie Kempinski Fenwick ("Plaintiffs"), for themselves alone, and for no other defendant, and allege as follows:

Pursuant to California *Code of Civil Procedure* section 431.30, Defendants deny, both generally and specifically, each, every and all allegations of each and every purported cause of action or count of Plaintiffs' complaint, denying specifically that Plaintiffs have, is or will be injured or damaged in the manner or sum alleged, or in any other manner or sums at all, and further denying that Defendants were negligent in any manner or that the alleged conduct of Defendants was the proximate cause of the Plaintiffs' claimed damages or injuries.

DEFENDANTS HEREIN ALLEGE AND SET FORTH SEPARATELY AND

DISTINCTLY THE FOLLOWING AFFIRMATIVE DEFENSES TO EACH AND EVERY CAUSE OF ACTION AS ALLEGED IN PLAINTIFFS' COMPLAINT AS THOUGH PLED SEPARATELY TO EACH AND EVERY SUCH CAUSE OF ACTION:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

1. Defendants are informed and believe and thereon allege that each and every cause of action in Plaintiffs' complaint fails to state facts sufficient to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Comparative Negligence)**

2. Defendants are informed and believe and thereon allege that Plaintiffs were careless and negligent in and about the matters alleged in Plaintiffs' complaint, and that said carelessness and negligence actually and/or proximately caused, or contributed to, in whole or in part, Plaintiffs' alleged damages and that said damages, if any, must be diminished in proportion to the amount of fault properly attributable to Plaintiffs.

**THIRD AFFIRMATIVE DEFENSE**

**(Third Parties' Comparative Fault)**

3. Defendants are informed and believe and thereon allege that if Plaintiffs suffered or sustained any obligation or liability for any loss, damage or injury as alleged in the complaint, such loss, damage or injury was proximately caused or contributed to by the wrongful and negligent acts and conduct of parties, persons or entities other than these answering defendants, and that such wrongful and negligent acts or conduct were an intervening or superseding cause of the loss, damage or injury of which Plaintiffs complain.

**FOURTH AFFIRMATIVE DEFENSE**

**(Assumption of the Risk)**

4. Defendants are informed and believe and thereon allege that Plaintiffs are barred from asserting any claim against Defendant by reason of the fact that Plaintiffs impliedly and voluntarily assumed the risk of the matters causing the injuries and damages incurred, if any.

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL (714) 634-2522 • FAX (714) 634-0686

**FIFTH AFFIRMATIVE DEFENSE**

**(Failure To Mitigate Damages)**

5. Defendants are informed and believe and thereon allege that Plaintiffs have failed to take reasonable efforts to mitigate the damages that allegedly were incurred.

**SIXTH AFFIRMATIVE DEFENSE**

(Proportionate Liability)

6. Defendants are informed and believe and thereon allege that in the event Plaintiffs are entitled to non-economic damages including, but not limited to, pain, suffering, inconvenience, mental suffering, emotional distress, loss of society and companionship, loss of consortium, and/or injury to reputation and humiliation, Defendants shall be liable only for the amount of non-economic damages, if any, allocated to Defendants' percentage of fault, and a separate judgment shall be rendered against Defendants for that amount pursuant to California *Civil Code*, section 1431.2.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Due Diligence)**

7. Defendants Rodney Wayne King and RW King Co., Inc. are informed and believe and thereon allege that they performed their due diligence in investigating the driving record of the defendant driver and are, therefore, not liable for any injuries Plaintiffs alleged in the Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Substantial Factor)**

8. Defendants are informed and believe and thereon allege that the acts and omissions of Defendants alleged in Plaintiffs' claims for relief were not a substantial factor of the loss or damages for which Plaintiffs seek recovery.

**NINTH AFFIRMATIVE DEFENSE**

**(Failure to Exercise Ordinary Care)**

9. Defendants are informed and believe, and thereon allege, that the alleged potential liability of Defendants resulted from the failure of others, including but not limited to Plaintiffs themselves, to exercise reasonable and ordinary care, caution or vigilance for which Defendants are not legally liable or responsible.

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL (714) 634-2522 • FAX (714) 634-0686

**TENTH AFFIRMATIVE DEFENSE**

**(Causes Beyond Defendants' Control)**

10. Plaintiffs' alleged injuries and damage, if any, were and are due to unavoidable circumstances and causes beyond Defendants' control or fault.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Condition or Risk Created by Others)**

11. Plaintiffs' alleged injuries and damages, if any, resulted from and were caused by a condition or risk created by persons and/or other entities over whom Defendants exercised no management, control or supervision.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Excessive Medical Billing)**

12. Defendants are informed and believe and thereon allege that the medical treatment allegedly procured by Plaintiffs were unreasonable, medically unnecessary, and not the proximate result of the alleged incident. Furthermore, the medical billing is excessive and does not comport with the reasonable medical billing procedures in the State of California.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Join Necessary/Indispensable Parties)**

13. Defendants are informed and believe and thereon allege that Plaintiffs have failed to name or join in his complaint a necessary/indispensable party or parties to the present action.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

14. Defendants are informed and believe and thereon allege that the complaint, and each and every cause of action contained therein, is barred by the applicable statute of limitations including, but not limited to, California *Code of Civil Procedure* sections 335.1, 338, 338.1, 340.3, 343, and 340.8.

/ / /

/ / /

/ / /

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL (714) 634-2522 • FAX (714) 634-0686

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Proposition 213)**

15. Defendants are informed and believe and thereon allege that Plaintiffs did not carry proper insurance coverage at the time of the incident per California Proposition 213, and is thus precluded from seeking non-economic damages.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Additional Affirmative Defenses)**

16. Defendants are informed and believe and thereon allege that Defendants cannot fully anticipate all affirmative defenses that may be applicable to the within action. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

WHEREFORE, Defendants Rodney Wayne King and RW King Co., Inc. pray for judgment as follows:

1. That Plaintiffs take nothing from Defendants by virtue of the Complaint herein;

2. That Defendants be awarded costs of suit and attorneys' fees herein; and

3. That Defendants be granted such other and further relief as the Court may deem just and proper.

Dated: February 22, 2022 WFBM, LLP

By: [signature]

MICHAEL T. McCALL
Attorneys for Defendants RODNEY WAYNE KING and RW KING CO., INC.

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL (714) 634-2522 • FAX (714) 634-0686

**PROOF OF SERVICE**

**Lamberto Infante Ay-Ad, Jr, et al. v. Rodney Wayne King, et al.**
**Case No. 21stcv46635**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 19900 MacArthur Blvd., Suite 1150, Irvine, CA 92612-2445.

On February 22, 2022, I served true copies of the following document(s) described as **DEFENDANTS' ANSWER TO COMPLAINT** on the interested parties in this action as follows:

Karen N. Jacobs, Esq.
Robert J. McNamara, Esq.
The Jacobs Law Firm
8383 Wilshire Blvd, Suite 800
Beverly Hills, CA 90211
T: (424) 777-0207
F: (877) 977-8899
kjacobs@jacobslawfirm.net

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I electronically served a copy of the documents described above from the email address pbarlow@wfbm.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 22, 2022, at Irvine, California.

Paula Barlow

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL (714) 634-2522 • FAX (714) 634-0686

# Journal Technologies Court Portal

**Filing Information**

Filing Title
LAMBERTO INFANTE AY-AD, JR., et al. vs RODNEY WAYNE KING, et al.

Status
Submitted to Court

Type
Subsequent

Reference Number
EF-80d3d44c281e

Court Filing Id
22LA00223872

Filed By
Paula Barlow

Date Sent
02/22/2022 01:05:44 pm

Case Number
21STCV46635

Case Name
LAMBERTO INFANTE AY-AD, JR., et al. vs RODNEY WAYNE KING, et al.

Case Type
Civil Unlimited

Case Category
Personal Injury/Property Damage/Wrongful Death - Uninsured Motorist

Matter Number
5733-3.6001

Estimated Amount
$901.19

Final Amount
$0

Documents
Answer *(Submitted to Court)*

Chat

< Back

Copyright © Journal Technologies, USA. All rights reserved.

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 19900 MacArthur Blvd., Suite 1150, Irvine, CA 92612-2445.

On February 22, 2022, I served true copies of the following document(s) described as **NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT UNDER 28 U.S.C. SECTIONS 1332 AND 1442 (DIVERSITY); AND DECLARATION OF MICHAEL MCCALL** on the interested parties in this action as follows:

Karen N. Jacobs, Esq.
Robert J. McNamara, Esq.
The Jacobs Law Firm
8383 Wilshire Blvd, Suite 800
Beverly Hills, CA 90211;
T: (424) 777-0207
F: (877) 977-8899
kjacobs@jacobslawfirm.net

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I electronically served a copy of the documents described above from the email address pbarlow@wfbm.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 22, 2022, at Irvine, California.

Paula Barlow
Paula Barlow

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL (714) 634-2522 • FAX (714) 634-0686

5926147.1
5733-3.6001

-8-

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT UNDER 28 U.S.C. SECTIONS 1332 AND 1442 (DIVERSITY); AND DECLARATION OF MICHAEL MCCALL